**No. 24-2203**

# United States Court of Appeals for the Federal Circuit

**NETLIST, INC.,**

*Plaintiff-Appellee,*

*v.*

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.,**

*Defendants-Appellants.*

APPEAL FROM UNITED STATES DISTRICT COURT FOR THE, EASTERN DISTRICT OF TEXAS IN CASE NO. 2:21-cv-00463-JRG

**DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO STAY AND TO DE-DESIGNATE AS A COMPANION CASE**

Ruffin B. Cordell
Lauren A. Degnan
Michael J. McKeon
Michael J. Ballanco
Benjamin J. Christoff
FISH & RICHARDSON P.C.
1000 Maine Avenue S.W., Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
cordell@fr.com

Francis J. Albert
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070

Alexander Pechette
FISH & RICHARDSON P.C.
One Marina Park Drive
Suite 1700
Boston, MA 02210
Tel: (617) 542-5070

January 23, 2025

*Attorneys for Defendants-Appellants*

# CERTIFICATE OF INTEREST

Counsel for Defendants-Appellants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung" or "Defendants-Appellants") certify the following:

1. Provide the full names of all entities represented by undersigned counsel in this case.

   **Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.**

2. Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

   **None/Not Applicable**

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

   **Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.**

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

   **Fish & Richardson P.C.:  Brian Livedalen, Sara Fish, Anthony V. Nguyen, Thomas H. Reger, II, Katherine Reardon, Matt Colvin, Jeffrey H. Burton, Karolina Jesien, Matthew Mosteller, Daniel A. Tishman**

   **Gillam & Smith LLP:  Melissa Richards Smith, Andrew T. Gorham, James Travis Underwood**

   **Covington & Burling LLP:  Brian R. Nester, Peter A. Swanson, R. Jason Fowler, Alice J. Ahn**

5. Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

   **Yes (*see* Samsung's Notice of Related Case Information filed at Dkt. 6)**

i

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

   **None/Not Applicable**

Dated: January 23, 2025              */s/ Ruffin B. Cordell*
                                     Ruffin B. Cordell

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ................................................................................. i

TABLE OF AUTHORITIES ................................................................................... iv

I.    The Court Should Stay This Appeal .............................................................. 1

    A.    Samsung Has Not Waived Its License Defense ................................. 1

    B.    Samsung Is Likely To Succeed in the C.D. Cal. Case, But Need Not Show That Here ................................................................. 4

    C.    Judicial Economy and Equity Favor a Stay ........................................ 5

II.    If the Court Stays This Appeal, It Should De-Designate This Appeal as a Companion to the IPR Appeals ................................................... 8

CERTIFICATE OF SERVICE AND FILING ....................................................... 13

CERTIFICATE OF COMPLIANCE ...................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ...................................................................... 4

*Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*,
   955 F.3d 971 (Fed. Cir. 2020) ........................................................................ 4

*Cherokee Nation of Oklahoma v. United States*,
   124 F.3d 1413 (Fed. Cir. 1997) ...................................................................... 7

*In re Google Tech. Holdings LLC*,
   980 F.3d 858 (Fed. Cir. 2020) .................................................................... 1, 4

*Ingraham v. U.S.*,
   808 F.2d 1075 (5th Cir. 1987) ........................................................................ 2

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................. 5, 11

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11,
   2015) ............................................................................................................... 6

*Pirkl v. Wilkie*,
   906 F.3d 1371 (Fed. Cir. 2018) ...................................................................... 4

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
   32 F.4th 1161 (Fed. Cir. 2022) ..................................................................... 11

*Venture Indus. Corp. v. Autoliv APS, Inc.*,
   196 Fed. Appx. 894 (Fed. Cir. 2006) .............................................................. 3

*Venture Indus. Corp. v. Autoliv APS, Inc.*,
   457 F.3d 1322 (Fed. Cir. 2006) .................................................................. 2, 3

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*,
   751 F.2d 721 (5th Cir. 1985) .......................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 60(b) ..................................................................................*passim*

Fed. R. Civ. P. 62.1 ................................................................................................3

The C.D. Cal. Case—including the retrial set for March 18, 2025—will likely moot this appeal and the underlying E.D. Tex. Case by confirming Samsung is licensed to the patents-in-suit. The Court therefore should stay this appeal and, once stayed, de-designate this appeal as a companion to the IPR Appeals. The IPR Appeals are also likely to moot this appeal given that the PTAB found all asserted claims unpatentable; they should be resolved without delay.

## I. The Court Should Stay This Appeal

### A. Samsung Has Not Waived Its License Defense

Netlist concedes Samsung "d[id] enough" in the E.D. Tex. Case to preserve Samsung's license defense. Dkt. 20 ("Resp.") 10-11. Samsung went to great lengths to preserve its license defense, despite issue preclusion arising from the C.D. Cal. summary judgment. E.D. Tex. Case, Dkt. 237 at 21 n.9; Dkt. 328 at 6 n.5; Dkt. 275 at 1, 5; Dkt. 360 at 1 & n.1; Dkt. 426 at 157:24-158:3; Dkt. 566 at 4, 66-67; Dkt. 580; Dkt. 658. Samsung's painstakingly preserving its license defense certainly does not evince waiver. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (quotation omitted)).

Likewise, Samsung did not waive its license defense in its opening brief in this appeal. *Contra* Resp. 10-11. The C.D. Cal. court ordered a new trial after Samsung filed its opening brief, making it impossible for Samsung to address the

impact of that decision in its brief.  If the E.D. Tex. court denies Samsung's motion to vacate the judgment under Rule 60(b) (filed January 6, 2025, E.D. Tex. Case, Dkt. 658), the denial will be subject to appeal.  *Venture Indus. Corp. v. Autoliv APS, Inc.*, 457 F.3d 1322, 1327 (Fed. Cir. 2006) ("*Venture I*"); *Ingraham v. U.S.*, 808 F.2d 1075, 1081 (5th Cir. 1987).  Samsung's pending Rule 60(b) motion plainly preserves the license issue.

Furthermore, Netlist ignores the materially changed circumstances since the E.D. Tex. court denied Samsung's earlier Rule 60(b) motion (filed October 30, 2023, E.D. Tex. Case, Dkts. 576, 580), and Samsung filed its opening brief here.  At those points, the C.D. Cal. court had not yet set aside the jury's verdict, C.D. Cal. Case, Dkt. 556, and consequently the E.D. Tex. court relied on the then-existing verdict in denying Samsung's earlier Rule 60(b) motion, E.D. Tex. Case, Dkt. 609-1 at 2-3.  Now, that verdict has been vacated and Netlist must prove a material breach by Samsung of the JDLA (and thus proper termination by Netlist) in the trial set for March 18, 2025.  *See* C.D. Cal. Case, Dkt. 649.  Given the current posture of the E.D. Tex. and C.D. Cal. Cases, the Court should stay this appeal.

This Court has previously stayed the appeal of a final judgment pending resolution of a Rule 60(b) motion in an underlying case.  *See Venture I*, 457 F.3d at 1327 & n.6.  In *Venture*, the district court entered final judgment on breach of

contract claims and the defendant appealed ("contract appeal"). *Id.* at 1325. The defendant later moved for relief from the judgment under Rule 60(b). *Id.* at 1327. This Court stayed the contract appeal until the district court ruled on (and denied) the Rule 60(b) motion. *Id.* at 1327 & n.6. The defendant appealed that denial, and this Court lifted the stay, made the contract appeal and Rule 60(b) motion appeal companion cases, and decided them both the same day. *Id.*; *Venture Indus. Corp. v. Autoliv APS, Inc.*, 196 Fed. Appx. 894, 895 (Fed. Cir. 2006).

Samsung is following the Court's *Venture* approach in seeking a stay pending resolution of at least its pending Rule 60(b) motion.[1] If the E.D. Tex. court denies that motion, this Court should make the appeal from the Rule 60(b) denial a companion to this appeal. If the E.D. Tex. court indicates it will grant the motion, this appeal will be moot. *See* Fed. R. Civ. P. 62.1. Either way, the Court should stay this appeal.

Netlist pronounces, without citation, that "[t]here is no exception [to waiver] merely because a party believes its argument is foreclosed by issue preclusion[.]" Resp. 11-12. Even setting aside the profound impact that the C.D. Cal. new trial order and Samsung's pending Rule 60(b) motion have on this appeal, Netlist's

---

[1] This appeal differs from *Venture*, however, because the C.D. Cal. Case's adjudication of the alleged termination of Samsung's license will likely moot this appeal—making a stay pending the C.D. Cal. Case's resolution the most efficient approach.

3

cited cases about waiver simply explain that an argument not raised in an opening brief is ordinarily forfeited[2] and never even mention issue preclusion. *See id.* at 11-12 (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319-20 (Fed. Cir. 2006), and *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)). Those cases are plainly inapposite.

Netlist's waiver theory would also produce unjust results because Netlist would foreclose a position barred by issue preclusion that a litigant conscientiously preserves—the antithesis of the "intentional relinquishment" required for waiver. *Google*, 980 F.3d at 862. To the contrary, the Federal Rules of Civil Procedure envision vacating a judgment that "is based on [a] prior judgment in the sense of claim or issue preclusion" that has been vacated. *Pirkl v. Wilkie*, 906 F.3d 1371, 1381 n.6 (Fed. Cir. 2018) (quotation omitted); Fed. R. Civ. P. 60(b)(5). Samsung filed such a motion here. E.D. Tex. Case, Dkt. 658.

This Court should reject Netlist's assertion of waiver.

### B.   Samsung Is Likely To Succeed in the C.D. Cal. Case, But Need Not Show That Here

Citing no authority stating that likelihood of success is a relevant consideration in a stay determination, Netlist nevertheless argues it expects to

---

[2] Even if that principle applied, this Court has discretion to address arguments not made in an opening brief. *E.g.*, *Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*, 955 F.3d 971, 974 (Fed. Cir. 2020); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020).

prevail in the C.D. Cal. retrial. Resp. 11-13. In *Landis v. North American Co.*, the Supreme Court authorized staying a case when another case could profoundly affect the outcome—and the Court did not require a showing of likelihood of success in the other case. 299 U.S. 248, 254 (1936). Nor should it be a relevant consideration, as it would greatly complicate the stay decision and duplicate effort by requiring multiple courts to substantively address the same issues. *Cf. W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (abuse of discretion for a Texas district court to address an issue pending in an earlier-filed action in New York).

Accordingly, Netlist's likelihood-of-success arguments are not only weak, being based on now-overturned decisions, they are also legally irrelevant.

### C. Judicial Economy and Equity Favor a Stay

Netlist does not dispute that the C.D. Cal. Case, the IPR Appeals, or both could nullify Samsung's patent infringement liability. Netlist offers nominal opposition—in a footnote citing no authority—that Samsung continues to be licensed until Netlist proves its allegations in the C.D. Cal. Case. *See* Resp. 11 n.5. Netlist does not dispute, however, that it did not sue for patent infringement in E.D. Tex. until after the C.D. Cal. court granted summary judgment in Netlist's favor on breach and termination of the JDLA, thus recognizing the license termination claims' priority over the patent infringement claims. Netlist does not

contest that the district court relied completely on the C.D. Cal. court's determination as to whether the JDLA remained in force, *e.g.*, E.D. Tex. Case, Dkt. 609-1 at 3—a determination that is expressly still at issue.

Netlist does not dispute that staying this case would conserve significant judicial and party resources if Netlist does not prevail in the C.D. Cal. Case or the IPR Appeals. Netlist argues that assigning the IPR Appeals and this appeal to two different panels would be wasteful, Resp. 17-19, but Netlist overstates the overlap between the appeals. *See infra* § II. Netlist audaciously labels Samsung "dilatory," Resp. 15, when Samsung repeatedly sought—over Netlist's objection—to manage this case in an efficient, rational manner, arguing that the parallel C.D. Cal. Case and IPRs could independently moot the E.D. Tex. Case and this appeal. Indeed, Samsung has been proven right given that the PTAB held all asserted claims unpatentable and the C.D. Cal. court ordered a new trial on Netlist's contract claims. Thus, staying the E.D. Tex. Case could have preserved vast judicial, jury, and party resources. Netlist cannot show that Samsung's stay motions were anything but justified.

Netlist fails to show how a stay would cause undue prejudice. Netlist cites only the prospect of delay in resolving this appeal, Resp. 14-16, but that alone is insufficient to deny a stay. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

Delay is especially inconsequential here because money damages is undisputedly an adequate remedy, for example, because Netlist has licensed its patents, and the judgment grants Netlist pre- and post-judgment interest. Mot., § IV.A.2.

To buttress its assertion of prejudice, Netlist misstates Samsung's request as seeking an "indefinite" stay. Resp. 14-15. Samsung's motion presents the Court with the option of staying until the C.D. Cal. Case's resolution, or at least until the E.D. Tex. court rules on Samsung's pending Rule 60(b) motion. *See* Mot., §§ IV.A-B. Both options have clear end dates and Netlist only speculates that other courts will not act promptly. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413 (Fed. Cir. 1997), involving the United States's unique obligations as trustee to Indian Tribes, does not bar a stay. This Court vacated the indefinite stay (pending resolution of yet-to-be-filed quiet title suits) there because it imposed "heavy burdens on the Tribes," including because only the United States, as trustee, could file quiet title suits. *Id.* at 1416-18. The requested stay here is pending resolution of the C.D. Cal. Case **Netlist initiated**.

Finally, Netlist cannot contest that the Court should stay this appeal until the E.D. Tex. court decides Samsung's pending Rule 60(b) motion. Resp. 15-16. Netlist speculates about which party will win the issue, which is legally irrelevant. *See supra* § I.B. Netlist also fails to explain its assertion that a stay would not "make practical sense." Resp. 16. In the end, Netlist merely repeats its preferred

7

path (i.e., no stay) ignoring that its approach could result in substantial wasted effort.

Therefore, under *Landis*, this Court should stay this appeal pending resolution of the C.D. Cal. Case or, at a minimum, Samsung's pending Rule 60(b) motion.

## II. If the Court Stays This Appeal, It Should De-Designate This Appeal as a Companion to the IPR Appeals

The C.D. Cal. Case's resolution will not impact the IPR Appeals, and Netlist does not contest that fact. Netlist assumes that de-designation would require distinct panels to learn the patents, which Netlist says would risk inefficiency and inconsistent rulings. *See* Resp. 16-19. Netlist ignores the obvious efficiencies that will occur if Samsung prevails in the C.D. Cal. Case and/or the IPR Appeals—no Federal Circuit judge would have to evaluate this appeal. Netlist also overlooks this Court's authority to manage its docket. *See, e.g.*, United States Court of Appeals for the Federal Circuit Internal Operating Procedures, IOP#3, ¶ 1. Should it become necessary to lift the stay, the Court could then assign this appeal to all or part of the panel that heard the IPR Appeals. *Id.*

Netlist also exaggerates the overlap between the IPR Appeals and this appeal. The arguments in the E.D. Tex. Case and IPRs for the '339, '918, and '054 patents do not overlap; the claim terms implicated in Samsung's noninfringement theories presented in this appeal—no "second operable state" ('054 patent); no

8

"converter circuit ('918 patent); and no "byte-wise data path" ('339 patent)—are not at issue in those IPRs. *See generally* IPR No. IPR2022-00639, Paper 27; IPR No. IPR2022-00996, Paper 21; IPR No. IPR2022-00999, Paper 22 (patent owner responses).

For the '060 and '160 patents, Samsung argued for noninfringement in the E.D. Tex. Case based on the "array die" term and showed in the IPRs that the patents were invalid regardless of the construction of "array die." The PTAB ultimately found that "the combination of Kim and Rajan teaches 'array dies' under the district court's construction and under [Netlist's] interpretation of that construction."[3] IPR2022-01427, Paper 48 at 9-11, 20-25. Thus "the parties' disagreement regarding the meaning of 'array die'" is not an "overlapping" issue across appeals, Resp. 19, but rather arises in only this appeal regarding noninfringement.

At bottom, the only relevant overlap is Netlist's inconsistent positions on the meaning of "array die." In the E.D. Tex. Case, Netlist refused to accept that the court's construction—"array die that is different from a DRAM circuit"—is a negative limitation requiring other types of memory besides DRAM. *See, e.g.*,

---

[3] Netlist advanced patentability arguments aligned with plain meaning of the district court's construction (i.e., requiring non-DRAM array dies), but elsewhere tried to "qualify" that construction. *See, e.g.*, IPR No. IPR2022-01427, Paper 20, §§ VII.C; *id.*, Paper 48 at 9-11.

9

E.D. Tex. Case, Dkt. 575 at 6-10.  In the IPRs, however, Netlist embraced that interpretation, stating Netlist "actually had to show that what was in the HBM products was not a DRAM circuit" to show infringement.  IPR No. IPR2022-01427, Paper 46 at 53-54; *id.*, Paper 20, §§ VII.C, VIII.D (arguing prior art did not adequately teach "non-DRAM stacks").  Whatever panel hears this appeal, the work to identify Netlist's inconsistency in applying the district court's construction of "array die" will be minimal.  The risk of such a minor inefficiency pales in comparison to the substantial efficiencies gained by staying this appeal while the IPR Appeals proceed to final resolution, if this Court affirms one or more of the PTAB's well-reasoned decision in the IPR Appeals.

      Contrary to Netlist's assertion, Resp. 16-19, seeking optimal litigation efficiency is not "gamesmanship."  Samsung has a legitimate interest in avoiding the unnecessarily expense and burden of this appeal to avoid duplicative litigation, and a legitimate interest—indeed, the very interest Netlist claims for itself—in expeditiously obtaining the "peace and repose" of final judgments in the IPR Appeals.  *See* Resp. 14-15.  Netlist ignores that, before the C.D. Cal. court ordered a new trial, there were benefits to having the instant appeal and the IPR Appeals decided on the same timeline, given that the notices of appeal were filed within months of each other.  However, the new circumstances that warrant staying this appeal do not affect the IPR Appeals.

Netlist notably has not tried to meet the test for a stay of the IPR Appeals—nor could it. *See Landis*, 299 U.S. at 255 (requiring "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will damage another). There is no chance that resolution of the C.D. Cal. Case or Samsung's pending Rule 60(b) motion would simplify the issues in the IPR Appeals. Netlist unrelenting opposition to de-companioning the appeals is simply to obtain a tactical advantage in the race to final judgment, which would prejudice Samsung. *See Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1174 (Fed. Cir. 2022) (vacating infringement judgment).

Therefore, if the Court stays this appeal, it should de-designate the appeal as a companion to the IPR Appeals and resolve the IPRs Appeals without delay.

Dated: January 23, 2025

Respectfully submitted,

*/s/ Ruffin B. Cordell*
Ruffin B. Cordell
Lauren A. Degnan
Michael J. McKeon
Michael J. Ballanco
Benjamin J. Christoff
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070

Francis J. Albert
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

Alexander Pechette
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone: (617) 542-5070

***Attorneys for Defendants-Appellants***

## CERTIFICATE OF SERVICE AND FILING

I certify that on January 23, 2025, I electronically filed the foregoing **REPLY IN SUPPORT OF OPPOSED MOTION TO STAY AND TO DE-DESIGNATE AS A COMPANION CASE** of Defendants-Appellants using the Court's CM/ECF filing system. Counsel for Plaintiff-Appellee Netlist, Inc. were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e).

                                                  */s/ Ruffin B. Cordell*
                                                  Ruffin B. Cordell

## **CERTIFICATE OF COMPLIANCE**

I certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). The motion contains 2,599 words, excluding the parts of the motion authorized by Fed. R. App. P. 27(a)(2)(B). This motion has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 in Times New Roman, 14 Point.

Dated: January 23, 2025   */s/ Ruffin B. Cordell*
Ruffin B. Cordell