

Fish & Richardson P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024

202 783 5070 main
202 783 2331 fax

**Ruffin B. Cordell**
Principal
cordell@fr.com
+1 202 626 6449  direct

May 23, 2025

***VIA CM/ECF***

Jarrett B. Perlow
Circuit Executive & Clerk of Court
United States Court of Appeals for
    the Federal Circuit
717 Madison Place NW
Washington, DC 20439

Re:   *Netlist, Inc. v. Samsung Electronics Co., Ltd., et al.,*
      Case No. 24-2203 (Fed. Cir.)

Dear Mr. Perlow:

I write on behalf of the Samsung Defendants-Appellants pursuant to Federal Rule of Appellate Procedure 28(j) concerning this Court's *en banc* decision in *EcoFactor, Inc. v. Google LLC*, No. 23-1101 (Fed. Cir. May 21, 2025), attached hereto.  In *EcoFactor*, "the district court gave no rationale for ruling that the [damages] expert testimony was admissible or denying [defendant]'s motion for a new trial on damages."  Slip Op., at 6.  The Court explains that "[a]n absence of reviewable reasoning may be sufficient grounds for this court to conclude the district court abused its discretion," and holds that the district court had abused its discretion.  *Id.*

The *EcoFactor* holding applies to this appeal because the district court here similarly abused its discretion.  Notably, the damages expert at issue in the *EcoFactor* case, David Kennedy, is Netlist's damages expert at issue in this appeal.  At *Daubert*, Samsung sought to bar testimony from Kennedy on a noncomparable, but large monetary level license Samsung entered with Rambus under this Court's precedent prohibiting putting large payment licenses before the jury to skew the damages horizon.  BB58-60; GB29-30; Appx1489-90.  The district court denied this portion of Samsung's *Daubert* motion from the bench without explanation.  Appx283. Compounding the confusion in a subsequent trial between the same parties and involving some of the same technology, the district court excluded Kennedy's testimony regarding the same Rambus license, also without explanation.  *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00293-JRG, Dkt. 818 at 4 (E.D. Tex. Nov. 6, 2024).

Under *EcoFactor*, the district court should have provided "reviewable reasoning" for its admission (and then exclusion) of the Rambus license testimony, and abused its discretion by not



Jarrett B. Perlow
May 23, 2025
Page 2

providing the parties or this Court with such reasoning.  Slip Op., at 6.  This abuse of discretion is basis for a new damages trial, in addition to the other reasons provided in Samsung's briefing.  *Id.* at 6, 23.

Sincerely,

*/s/ Ruffin B. Cordell*

Ruffin B. Cordell
*Counsel for Defendants-Appellants*