

Jeffrey A. Lamken
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2000
F: 202.536.2010
jlamken@mololamken.com
www.mololamken.com

July 10, 2025

VIA CM/ECF

Jarrett B. Perlow
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

  Re: Rule 28(j) Letter re: *Netlist, Inc. v. Samsung Electronics Co., Ltd.*, No. 24-2203

Dear Mr. Perlow:

  Netlist, Inc. submits this response to Samsung's letter regarding *Optis Cellular Tech., LLC v. Apple Inc.*, Nos. 22-1904, 22-1925 (Fed. Cir. June 16, 2025).

  In *Optis*, this Court held that the district court abused its discretion under Federal Rule of Evidence 403 by admitting testimony concerning a prior settlement agreement where its "probative value" was "substantially outweighed by the risk of unfair prejudice" to the defendant.  Op. 15.  That decision provides no support for Samsung's challenge to Kennedy's reliance on the Rambus license here.  *Contra* Ltr. 1-2.  Samsung never sought to exclude Kennedy's testimony under Rule 403 in district court; nor did it raise a Rule 403 argument in its appellate briefs.  The issue is thus doubly waived.  "A 28(j) letter is not an opportunity to make additional arguments not in the briefing."  *Jenkins v. United States*, 71 F.4th 1367, 1376 n.7 (Fed. Cir. 2023).

  Samsung's reliance on *Optis* is misplaced regardless.  Unlike the settlement in *Optis*, the Rambus license here is more than "'minimal[ly]'" probative.  Ltr. 1 (quoting Op. 15).  Because the settlement in *Optis* resolved a "global" dispute that "spann[ed] patent, antitrust, tortious-interference, and trade-secret claims," it bore no relation to the hypothetical negotiation over licenses for the patents asserted in that case.  Op. 15.  By contrast, the Rambus license resolved patent infringement

- 2 -

litigation resulting from Samsung's breach of a license agreement concerning patents for memory-module technology—circumstances very similar to those in the dispute between Samsung and Netlist here.  Netlist.Br.61-64.  And unlike in *Optis*, Kennedy's testimony here "account[ed] for . . . differences in scope" between the number of patents covered by the Rambus license and those in the hypothetical negotiation.  Op. 15; Netlist.Br.61-63.  Kennedy reasonably relied on the Rambus license to show that, in "the big picture," Samsung desperately needed to license critical memory technology.  Appx5697-99 (691:1-693:4).

In *Optis*, moreover, the Court found it "highly prejudicial to Apple for Optis . . . to repeatedly recite the large settlement figure" before the jury.  Op. 17.  Here, ***Samsung's*** own counsel repeatedly mentioned or elicited testimony about the number.  Appx5737-41 (731:2-735:6).  Samsung cannot emphasize the figure before the jury and then cry prejudice from the number having been repeatedly mentioned.

                                      Respectfully submitted,

                                      /s/ Jeffrey A. Lamken

                                      Jeffrey A. Lamken
                                      MOLOLAMKEN LLP
                                      The Watergate, Suite 500
                                      600 New Hampshire Avenue, N.W.
                                      Washington, D.C.  20037
                                      (202) 556-2000
                                      jlamken@mololamken.com

                                      *Counsel for Appellee Netlist, Inc.*

cc:    Counsel of record
        via CM/ECF